UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APERIA SOLUTIONS, INC., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 3:18-cv-03276-X |
| § | |
| eVANCE, INC., § | |
| § | |
| DEFENDANT. § | |

# DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

Pursuant to FED. R. CIV. P. 8 and FED. R. CIV. P. 12, Defendant eVance, Inc. files this Original Answer and Counterclaims in response to the Third Amended Complaint (the "Complaint" or "TAC") (ECF No. 37) filed by Plaintiff Aperia Solutions, Inc. ("Aperia").

## Responses to the Complaint's Allegations

1.  Admit.

2.  As to the first sentence of Paragraph 2, admit. As to the second sentence, deny, in light of the Court's order dismissing all of Aperia's claims against The OLB Group, Inc. ("OLB") with prejudice. *See* ECF No. 57.

3.  Admit.

4.  Admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the prerequisites for alleging diversity jurisdiction have been met. Otherwise, deny.

5.  Admit that venue is proper in the Northern District of Texas, Dallas Division. Otherwise, deny.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 6.

7. Admit that Patrick Smith was copied on the November 7, 2017 e-mail referenced in Paragraph 7. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 7.

8. Admit that eVance, Inc. purchased certain assets of eVance Processing pursuant to the Sale Memorandum and related documents. Otherwise, deny.

9. Admit that the Sale Memorandum does not reference the GSA between eVance Processing and Aperia. Otherwise, deny.

10. Admit that the Sale Memorandum does not impose any obligation on Defendant to pay debt incurred by eVance Processing to Aperia. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. Admit that Smith had contact with individuals working for Aperia in April 2018. Admit that some of the Smith's emails included the domain name "@eVanceProcessing.com." Otherwise, deny.

12. Deny.

13. Deny that, after April 9, 2018, the GSA was a contract between Aperia and eVance, Inc. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Admit that Smith sent one or more emails to Aperia on or about April 25, 2018 and April 27, 2018. Otherwise, deny.

15. Deny.

16. Admit that Aperia provided services to eVance, Inc. between April and September 2018. Admit that eVance, Inc. was aware of, and paid for, such services. Otherwise, deny.

17. Admit that Aperia received a $10,000 payment from eVance, Inc. on July 17, 2018. Admit that Aperia sent a letter to Ronny Yakov on August 16, 2018. Otherwise, deny.

18. Admit.

19. Admit Aperia sent letters on September 25, 2018 and October 2, 2018. Otherwise, deny.

20. Admit that on or about October 5, 2018, counsel for OLB sent letter to Aperia that is included as Exhibit T to the Complaint. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Admit Aperia sent a letter to OLB's counsel on October 9, 2018. Otherwise, deny.

22. Admit that OLB's counsel sent emails to Aperia's counsel on October 10, 2018. Otherwise, deny.

23. Admit that OLB's counsel and Aperia's counsel exchanged emails on October 10, 2018. Otherwise, deny.

24. Admit that OLB's counsel and Aperia's counsel exchanged emails on October 10, 2018. Otherwise, deny.

25. Admit that Aperia filed this lawsuit against eVance, Inc. Otherwise, deny.

26. Defendant incorporates by reference its response to all other paragraphs of the Complaint as if fully set forth herein.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Defendant incorporates by reference its response to all other paragraphs of the Complaint as if fully set forth herein.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Defendant incorporates by reference its response to all other paragraphs of the Complaint as if fully set forth herein.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Defendant incorporates by reference its response to all other paragraphs of the Complaint as if fully set forth herein.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

52. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

53. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

54. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

55. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

56. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

57. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

58. No response is necessary to these allegations, as Aperia's claim for Fraud and Fraud in the Inducement were dismissed with prejudice by this Court. *See* ECF No. 57.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

## Affirmative Defenses

61. Aperia's claims are barred, in whole or in part, because Aperia has failed to state a claim upon which relief can be granted.

62. Aperia's claims are barred, in whole or in part, by the doctrine of payment.

63. Aperia's claims are barred, in whole or in part, by the doctrine of estoppel.

64. Aperia's claims are barred, in whole or in part, by the doctrine of waiver.

65. Aperia's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Counterclaims

66. **Introduction.** eVance brings counterclaims for breach of contract, unjust enrichment, and money had and received against Aperia.

67. **Facts.** This is a case about a trade debt, primarily divided into two parts. The first part, totaling $70,349.14, was for services that Plaintiff rendered to a non-party to this lawsuit, eVance Processing, Inc. ("Processing"). According to Aperia, Processing owed $70,349.14 to Plaintiff for services rendered. eVance call this the "Processing Debt." Aperia calls it the "Outstanding Debt." Whatever the wording, both terms convey the same reality: The Outstanding Debt was incurred by a non-party and is therefore Processing's Debt.

68. The second part was for services that Aperia rendered to eVance. eVance calls this the New Debt: invoices for services rendered by Aperia between May and September 2018.

69. Aperia admits the New Debt totals $63,054.64.

70. eVance does not dispute its liability for the New Debt. That is because eVance, Inc. paid the New Debt—and then some. Plaintiff admits that, since May 2018, Aperia has received $67,317.36 from eVance.

71. As a result, eVance overpaid the New Debt by more than $4,200 ($67,317.36 - $63,054.64 = $4,262.72). eVance therefore brings counterclaims to recover this overpayment on the New Debt from Aperia.

72. **Counterclaim 1 – Breach of Contract.** Aperia and eVance had an oral agreement that eVance would pay for services rendered by Aperia between May and September 2018 (*i.e.*, the New Debt). eVance performed its obligations under the oral agreement by paying the New Debt. Aperia breached its obligations under the oral agreement by keeping more than it was entitled to under the agreement—*i.e.*, eVance's overpayment of the New Debt. Thus, eVance has been damaged in the amount of $4,262.72, excluding all interest, cost, and attorneys' fees.

73. **Counterclaim 2 – Unjust Enrichment.** Aperia provided services to eVance, as evidenced by the New Debt. Under the circumstances, Aperia understood that eVance would not pay for more than the New Debt. But eVance paid Aperia more than was due under the New Debt. Thus, Aperia has been unjustly enriched in the amount of $4,262.72, excluding all interest, cost, and attorneys' fees.

74. **Counterclaim 3 – Money Had and Received**. Aperia has received money from eVance in excess of the New Debt. As the amount paid by eVance exceeds the New Debt, that excess is money that, in equity and good conscience, belongs to eVance. Thus, Aperia has received $4,262.72, excluding all interest, cost, and attorneys' fees that, in equity and good conscience, should be returned to eVance.

75. **Attorneys' Fees**. Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, eVance is entitled to recover its attorneys' fees incurred in recovering the amounts due under these counterclaims from Aperia.

**Jury Demand**

76. Pursuant to Federal Rule of Civil Procedure 38, eVance demands a trial by jury in the above-captioned action of all issues triable by jury.

DATED: August 13, 2020

Respectfully submitted,

*/s/ Andrew B. Ryan*
Andrew B. Ryan
State Bar Card No. 24054464
Ryan Law Partners LLP
3811 Turtle Creek Blvd., Suite 780
Dallas, Texas 75219
T: (214) 347-7377
F: (888) 594-6240
E: andy@ryanlawpartners.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, a true and correct copy of the foregoing document was served on counsel for all parties using the Court's PACER/ECF system.

*/s/ Andrew B. Ryan*
Andrew B. Ryan