UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APERIA SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff and Counter-* | § | |
| *Defendant,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-03276-X |
| | § | |
| EVANCE, INC. and THE OLB | § | |
| GROUP INC., | § | |
| | § | |
| *Defendants and Counter-* | § | |
| *Plaintiffs.* | § | |

## MEMORANDUM OPINION AND ORDER

Aperia Solutions, Inc. sued Evance, Inc. for breach of contract, promissory estoppel and quantum meruit stemming from alleged non-payment for services. Evance, Inc. responded with a counterclaim, alleging that it actually overpaid for the services in question.  Aperia Solutions, Inc. filed this Motion for Partial Summary Judgment [Doc. No. 50].  For the reasons detailed below, the Court **DENIES** the motion for summary judgment.

### I. Factual Background

Aperia Solutions, Inc. (Aperia) entered into a General Services Agreement (the Agreement) with Evance Processing to provide internet-based reporting and management systems for Evance Processing and its merchants.  Evance Processing began to fall behind on payments and agreed on a plan to bring the account current. This outstanding debt incurred by Evance Processing is referred to as the "old debt."

1

Conditions at Evance Processing worsened, ending when its secured creditor foreclosed on Processing's assets.  Evance, Inc. purchased substantially all of Evance Processing's assets through a foreclosure sale, the terms of which are embodied in the Sale Memorandum.  The Sale Memorandum classifies several categories of rights, titles, and interests as "acquired assets," which Evance, Inc. purchased.  The Sale Memorandum expressly excludes from purchase all liabilities or obligations related to the acquired assets prior that were incurred prior to the Sale Memorandum's execution.  Aperia alleges that the Agreement falls into one or more of the "acquired asset" categories, and Evance, Inc. therefore purchased it in the Sale Memorandum.

After the sale, Evance, Inc. continued servicing Evance Processing's merchants.  However, Aperia threatened to cancel services if Evance, Inc. did not pay the old debt.  Aperia alleges that (through an employee) Evance, Inc. promised to pay the old debt in exchange for continuing service.  Aperia continued providing services for several months, and Evance, Inc. made regular payments to Aperia.  Aperia claims that in this time, Evance, Inc. only remitted scheduled payments towards the old debt but did not pay for the new services rendered, referred to as the "new debt." Aperia demanded payment for the new debt, causing both parties to cancel whatever live agreement existed between them.  Aperia then sued Evance, Inc., arguing that Evance, Inc. purchased the Agreement via the Sale Memorandum and breached that contract by failing to pay the new debt.

Evance, Inc. argues, however, that it did not purchase the Agreement in the Sale Memoranda and denies ever agreeing to pay Evance Processing's old debt.

Instead, Evance, Inc. maintains that it remitted payment, not for the old debt, but rather for the new services Aperia provided.  Evance, Inc. alleges that it not only paid the New Debt, it actually overpaid, and filed a counterclaim to recover the alleged balance.

## II. Legal Standards

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  "A fact is material if it 'might affect the outcome of the suit'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[2]

## III. Analysis

### A. What is Considered

As a preliminary matter, the Court must establish what evidence it will consider for the purpose of this motion.  Evance, Inc. did not attach any summary judgment evidence to its response brief and instead elected to argue from evidence included in the appendix to Aperia's original motion, namely Evance, Inc.'s answers to interrogatories.  Aperia argues that because the interrogatory answers are unverified, the Court cannot consider them in determining whether there is a genuine dispute of material fact.

---

[1] FED. R. CIV. P. 56(a).

[2] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Rule 56(c) allows parties to support an assertion that a fact cannot be genuinely disputed or is genuinely disputed by citing to particular materials in the record, including interrogatory answers.[3]  But unsworn or unverified interrogatory answers are not competent summary judgment evidence.  This is the conclusion of other Texas district courts.[4]  And more importantly, the Fifth Circuit has agreed.[5]  Here, the interrogatory answers Evance, Inc. created and cited do not include a *jurat*—a certificate by a competent officer that the writing was sworn to by the person who signed it—to authenticate the statements within.  Although Congress has made notaries less indispensable, the interrogatory responses do not contain the self-executing certification that 28 U.S.C. § 1746 requires to legitimatize unsworn statements.[6]  Accordingly, Evance, Inc.'s interrogatory answers are not competent summary judgment evidence, and the Court will not consider them.[7]

---

[3] FED. R. CIV. P. 56(c)(1)(A).

[4] *See Brady v. Blue Cross and Blue Shield of Texas, Inc.*, 767 F. Supp. 131, 135 (N.D. Tex. 1991) (Fitzwater, J.) ("The court has been unable to locate a case—and Brady has not directed the court to one—in which unsworn, unverified interrogatory answers proffered by a nonmovant have been considered competent summary judgment evidence."); *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 894 n.5 (S.D. Tex. 2012) ("Unsworn interrogatory answers are not competent summary judgment evidence."); *Alvarado v. Shipley Donut Flour & Supply Co.*, 526 F. Supp. 2d 746, 764 (S.D. Tex. 2007) ("The letter and unsworn interrogatory answer are merely allegations and conclusory statements, not admissible evidence, and do not defeat summary judgment.").

[5] *See Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir.1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment"); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80–81 (5th Cir. 1987) (considering only those statements in verified sworn pleading that reflected personal knowledge); *Bernhardt v. Richardson–Merrell, Inc.*, 892 F.2d 440, 443 n. 3 (5th Cir. 1990) (plaintiff's interrogatory answers regarding expert testimony "plainly not sufficient summary judgment evidence").

[6] 28 U.S.C. § 1746.

[7] *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (explaining that evidence that fails to comply with Rule 56 is entitled to no weight).  "In certain circumstances, a party may be permitted to cure defects in its summary judgment evidence."  *Magana v. Tarrant/Dallas Printing, Inc.*, 1998 WL 548686 at *5 (N.D. Tex. Dec. 18, 2001) (Fitzwater, J.) (citing *Brady*, 767 F. Supp. at 135).  Here, Evance did not request an opportunity to cure.  It is therefore appropriate for the

Aperia also argues that, pursuant to the Supreme Court's holding in *Scott v. Harris*,[8] the Court should reject consideration of Evance, Inc.'s factual arguments as "utterly discredited by the record."[9] *Scott* involved a video-taped car chase where the recording completely contradicted the non-movant's summary judgment factual assertions.[10] The Supreme Court held that:

> Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial . . . . When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.[11]

*Scott* might apply to cases where the record provides similar clarity and reliability as a contemporaneous video recording. But Aperia has nothing close to a contemporaneous video in the summary judgment record. The summary judgment evidence here consists of affidavits, email/mail communications, and bank/invoice records—from only one of the parties. Not a single deposition or similar "testing" of evidence was offered. The Court fails to see how Evance's arguments are "utterly discredited" by this record. Although arguments unsupported by evidence might be insufficient to raise a genuine fact dispute in the face of assertions supported by evidence, the Court must draw all reasonable inferences in favor of the non-movant.

## B. Breach of Contract

---

Court to rule on this motion without offering a chance to cure the deficiency. *Id.*

[8] 550 U.S. 372 (2007).

[9] *Id.* at 380.

[10] *Id.* at 378.

[11] *Id.* at 380.

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach."[12]  Aperia's theory of liability is: (1) Evance, Inc. purchased the Agreement from Evance Processing via the Sale Memoranda but did not assume Evance Processing's old debt to Aperia; (2) Evance, Inc. then expressly assumed the old debt liability in exchange for Aperia continuing service under the Agreement; (3) Evance, Inc. paid substantially towards the balance of the old debt but not for the new services; and thus (4) Evance, Inc. is bound by the Agreement and obligated to pay Aperia for services rendered, at the rate prescribed by the Agreement, *i.e.* the new debt.  Evance, Inc. counters that: (1) the Agreement is not an "acquired asset" and was not purchased under the Sale Memoranda; (2) Evance, Inc. never agreed to pay the old debt, considering it structured the purchase specifically to avoid assuming Evance Processing's liabilities; (3) absent a binding agreement, Evance, Inc. paid Aperia for new services at rates previously charged to Evance Processing; and (4) Evance, Inc. actually overpaid Aperia for the new services.

Aperia fails to demonstrate the absence of a genuine dispute of material fact on the "existence of a valid contract" element.  Aperia argues that the Agreement is a "general intangible," and therefore an asset Evance, Inc. acquired via the Sale Memorandum.[13]  The Sale Memorandum identifies "general intangibles" as a

---

[12] *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015) (citing *Foley v. Daniel*, 346 S.W.3d 687, 690 (Tex. App.—El Paso 2009, no pet.)).

[13] Aperia also argues the Agreement is a "supporting obligation" under the Sale Memorandum. But supporting obligations under the Uniform Commercial Code are a "letter-of-credit right or

category of "acquired assets."[14]  "General intangibles" includes, among other things, "contract rights."[15]  Because the Agreement is a contract, Aperia argues, it falls within this definition.

But a "contract" is not plainly synonymous with a "contract right." If it was the Sale Memorandum presumably would have simply used the term "contract."[16] Black's Law Dictionary defines "contract right" as "[a] right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper," and the related term "contractual right" as "[a]n entitlement arising out of a legally enforceable agreement, whether express, implied, or imposed by law or equity."[17]  Both terms describe only part of what constitutes a "contract," which contains duties as well as rights.[18]

The mere contractual nature of the Agreement is insufficient to consider it a "contract right" as identified in the Sale Memorandum.  And Aperia does not identify any specific rights or entitlements the Agreement afforded to Evance Processing that would have amounted to assets acquired by Evance, Inc.[19]  Because Evance, Inc. only

---

secondary obligation that supports the payment performance of an account, chattel paper, a document, a general intangible, an instrument, or investment property."  N.Y. U.C.C. Law § 9-102(78).  The Agreement does not fit into this classification.

[14] Doc. No. 52 at 123.

[15] *Id.*

[16] *Compare Contract*, Black's Law Dictionary (11th ed., 2019); *with Right*, Black's Law Dictionary (11th ed., 2019) (defining "contract right").

[17] *Right*, Black's Law Dictionary (11th ed., 2019) (defining "contract right" and "contractual right").

[18] *See Contract*, Black's Law Dictionary (11th ed., 2019) ("An agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law.").

[19] The parties' course of dealing also does not demonstrate that Evance, Inc. acquired the Agreement.  Presumably, the basic right afforded to the purchaser in a services agreement is the right

bought assets and not liabilities, it could not have purchased Evance Processing's liabilities under the Agreement. A reasonable jury could conclude that the Agreement was not a "contract right" and therefore not an asset acquired by Evance, Inc. Therefore, there is a genuine dispute of material fact as to whether Evance, Inc. was bound by the Agreement or whether there existed any valid contract with Aperia.

## C. Promissory Estoppel

In the alternative, Aperia pursues recovery under a theory of promissory estoppel. Under Texas law, the elements of a promissory estoppel claim are: (1) a promise; (2) foreseeability of reliance thereon by the defendant; and (3) substantial reliance by the plaintiff to its detriment.[20] Aperia argues that Evance, Inc. promised to pay the old debt, Aperia then relied on that promise by providing new services, and that reliance was detrimental because Evance, Inc. did not pay for the new services.

But this argument misconstrues the concept of promissory estoppel. "A promissory estoppel claim is available when a promisee has acted to its detriment in reasonable reliance on an otherwise unenforceable promise."[21] The cause of action is intended to provide an alternate means of enforcing the promise that induced

---

to demand the agreed-upon services at the agreed price. The Sale Memorandum expressly disavows any obligations related to acquired assets that were created before the sale. Therefore, if Evance, Inc. did purchase the Agreement it would have had the right to demand services from Aperia notwithstanding the existence of Evance Processing's third-party debt. But Aperia threatened to cancel Evance Inc.'s services due to the old debt. This course of dealing does not reflect Aperia treating Evance, Inc. as if it possessed any rights or authority from the Agreement and thus cuts against the conclusion that Evance, Inc. actually acquired the Agreement.

[20] *Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 769 (Tex. App.—El Paso 2004, no pet.).

[21] *Smith v. City of League City*, 338 S.W.3d 114, 128 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

detrimental reliance.

The problem with Aperia's argument is that Evance, Inc. fulfilled its promise to pay the old debt.  Had Evance, Inc. promised to pay Aperia the new debt, then we would be in the realm of promissory estoppel for failure to pay the new debt.  The Court has found no authority, and Aperia has not provided one, that suggests promissory estoppel is available to enforce some other subsequent promise.

Aperia has not shown entitlement to relief on its promissory estoppel claim in light of the fatal defect identified here.  Accordingly, the Court denies summary judgment to Aperia on this claim.

### D. Quantum Meruit

Finally, Aperia pled a theory of recovery under quantum meruit.  To support a claim for quantum meruit, the plaintiff must establish that: "(1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient."[22]  Aperia's quantum meruit argument is simply that Aperia provided services, Evance, Inc. used them, and Evance, Inc. failed to pay despite being on notice that payment was expected.  But Evance, Inc. did pay Aperia over $67,000.  So, Aperia's argument relies on the premise that these payments were tendered towards the old debt and not towards the new debt.

Aperia's supporting evidence consists of email communications and payment

---

[22] *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (numbering format altered from original).

records.  In the main email chain, dated after the Sale Memorandum, an Evance, Inc. employee pledges that Evance, Inc. "will get [Aperia] paid" and "will make sure we get caught up as soon as possible."[23]  An Aperia employee then attaches a payment schedule to get the account "current," and Evance, Inc.'s employee responds with, "We will be able to maintain this schedule."[24]  The apparently agreed-to schedule includes line items with invoice numbers, dates, and amounts that correlate to the old debt.  The record then includes several bank payment confirmations that correlate to the line items in the repayment schedule.[25]

While these emails and payments records are evidence that Evance, Inc. paid towards the old debt, other aspects of the record cloud this conclusion.  According to Aperia's records, the old debt totaled $70,349.14, the new debt $63,054.64, and Evance, Inc. paid $67,317.36—which does not de facto correlate to either balance.[26]  Inferences are required to conclude that that the payments were remitted for either debt.[27]  There is room in the record for a reasonable jury to conclude that Evance, Inc. intended to pay towards either balance.  Thus, there is a genuine dispute of material fact as to whether Aperia received payment for its services.

## D. Alternative Basis for Denial

"[E]ven in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better

---

[23] Doc. No. 52 at 55.

[24] Doc. No. 52 at 56.

[25] *Compare* Doc. No. 52 at 56 *with* Doc. No. 52 at 57–63.

[26] Doc. No. 52 at 93.

[27] Although some inferences might be more reasonable than others, the Court is nonetheless required to draw all reasonable inferences in favor of the non-movant.

course would be to proceed to a full trial.'"[28]  "[A] district court has the discretion to deny a motion for summary judgment even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial."[29]

Here, even if there was no genuine factual dispute in the record, the Court would still deny summary judgment on the basis that the better course is to proceed to trial.  Several aspects of the case influence this decision.  First, Evance, Inc. maintains an outstanding counterclaim, based on the allegation that it overpaid Aperia, which relies on the same factual determinations as Aperia's claims.  Second, Evance, Inc. demanded a jury trial to determine the facts on all claims in this case.[30] Finally, the record presented to the Court is woefully incomplete, lacking even a single deposition from someone with personal knowledge of relevant facts.  Given the shallowness of the record provided to the Court, the outstanding counterclaim, and the demand for factual determinations by a jury, the Court believes it would be inappropriate to grant summary judgment on this record and that the better course is to proceed to a full trial.  As a result, the Court would deny the motion for summary judgment even if there were no genuine disputes of material fact.

## IV. Conclusion

---

[28] *Black v. J.I. Case Co., Inc.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 255).

[29] *Id.* (quotation and alteration removed).

[30] The Court will rule on Evance, Inc.'s demand for a jury trial in a separate substantive order.

For the reasons outlined above, the Court **DENIES** the Motion for Partial Summary Judgment.

      **IT IS SO ORDERED** this 25th day of November, 2020.


_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE