UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APERIA SOLUTIONS, INC., § § *Plaintiff and Counter-Defendant*, § § § v. § § EVANCE, INC., et al., § § § *Defendants and Counter-Plaintiffs*. § | Civil Action No. 3:18-CV-03276-X |

## MEMORANDUM OPINION AND ORDER

Aperia Solutions, Inc. (Aperia) sued Evance, Inc. for breach of a contract it allegedly purchased from Evance Processing, Inc. (Evance Processing). Evance, Inc. filed a Motion to Amend/Correct Request for Admission Number Four [Doc. No. 82]. For the reasons below, the Court **GRANTS** the motion to amend.

### I. Factual Background

Aperia entered into a General Services Agreement (the Agreement) with Evance Processing to provide Evance Processing and its clients with internet-based reporting and management systems. Evance Processing fell behind on its payment obligations in the Agreement, went completely defunct, and lost it assets in foreclosure to its secured creditor. Evance, Inc. then purchased substantially all of Evance Processing's assets through a foreclosure sale, the terms of which were embodied in the Sale Memorandum. The Sale Memorandum included Schedule 2.2(g), which lists the assets that Evance, Inc. did not purchase.

1

During discovery, Aperia served Evance, Inc. with a request for admissions. One of the admissions stated "Admit the General Services Agreement is not listed in Schedule 2.2(g) of the Memorandum of Sale," to which Evance, Inc. responded "Admit."[1] Evance, Inc. claims it made this admission at the time because "there was no Schedule 2.2(g) attached to its publicly-filed documents, [therefore] there was no Schedule 2.2(g) on which a contract with Aperia would have been listed."[2] But then, when preparing for a recent deposition, Evance, Inc.'s President and CEO "compared the publicly-filed document to the paper copies of the Sale Memorandum and located Schedule 2.2(g)."[3] And this copy of Schedule 2.2(g) purportedly listed the Agreement as an asset excluded from purchase. Based on that discovery, Evance, Inc. now seeks to amend its previous response to "Deny."

## II. Legal Standards

Under Federal Rule of Civil Procedure 36,

> [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.[4]

"A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[5] A Rule 36 admission

---

[1] Doc. No. 86 at 4.

[2] Doc. No. 82 at 3.

[3] *Id.* at 2.

[4] FED. R. CIV. P. 36(a)(1).

[5] FED. R. CIV. P. 36(b).

"that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible."[6] This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim."[7]

Rule 36(b) provides that, "[s]ubject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[8] Rule 36(b) places a burdens on both the party making and the party obtaining the admission. "The party making the admission must show that the presentation of the merits will be subserved. The

---

[6] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1120 (5th Cir. 1991) (internal quotation marks and footnotes omitted). "The binding nature of judicial admissions conserves judicial resources by avoiding the need for disputatious discovery on every conceivable question of fact. Once a fact is formally admitted and thereby set aside in the discovery process, the party requesting an admission is entitled to rely on the conclusiveness of it." *Armour v. Knowles*, 512 F.3d 147, 154 n.13 (5th Cir. 2007) (internal quotation marks omitted). "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." *Am. Auto. Ass'n*, 930 F.2d at 1121 (quotation marks omitted).

[7] *Am. Auto. Ass'n*, 930 F.2d at 1120 (quotation marks and footnotes omitted).

[8] FED. R. CIV. P. 36(b); *see also* FED. R. CIV. P. 16(e) ("The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."); *Am. Auto. Ass'n*, 930 F.2d at 1120 ("Once trial has begun, the provisions of F.R.C.P. 16(e), expressly incorporated by Rule 36(b), impose a more restrictive standard: the court will not permit withdrawal or amendment of an admission unless failure to do so would cause 'manifest injustice.'").

party obtaining the admission must satisfy the court that the withdrawal or amendment of the admission will prejudice him."[9]

And, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."[10]

## II. Analysis

### A. Promotes Presentation of the Merits

Regarding Rule 36(b)'s first prong; "it is proper to consider whether denying [amendment] would have the practical effect of eliminating any presentation of the merits of the case."[11]  Rule 36(b)'s first prong is satisfied where admissions "directly bear on the merits of the case,"[12] and "upholding the admissions would practically eliminate any presentation of the merits of the case."[13]

Further,

> [e]ven where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing the admission is contrary to the record of the case, or that the admission is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.[14]

---

[9] *Curtis v. State Farm Lloyds*, No. H-03-1025, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004) (quoting *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 123 F.R.D. 97, 102 (D. Del. 1988)).

[10] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

[11] *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007).

[12] *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008) (Fitzwater, J.).

[13] *Curtis*, 2004 WL 1621700 at *5.

[14] *Le*, 2007 WL 715260 at *2 (quotation marks omitted).

Thus, "[c]ourts have permitted the withdrawal of deemed admissions when confronted with contrary factual information, unless the circumstances of the case have made it inappropriate or inequitable to do so."[15]

Here, one of the central issues to the case is whether the Agreement is an asset purchased by Evance via the Sale Memorandum.[16] Schedule 2.2(g) lays out specific assets excluded from purchase in the sale. The admission in question currently "admits" that the "General Services Agreement is not listed in Schedule 2.2(g) of the Memorandum of Sale,"[17] precluding any evidence to testimony to the contrary.[18] But the copy of Schedule 2.2(g) Evance uncovered while preparing for depositions indicates that the Agreement might be listed as an excluded asset.

Considering that one of Aperia's main assertions in this case is that Evance purchased the Agreement, whether the Agreement is listed on Schedule 2.2(g) "directly bear[s] on the merits of the case."[19] Not only will the admission eliminate significant presentation of the merits, but there is evidence indicating that it was not true when made due to an error and improvident admission.[20] Therefore, the Court determines that allowing Evance to amend it response, thereby allowing evidence

---

[15] *Curtis*, 2004 WL 1621700 at *5.

[16] *Aperia Solutions, Inc. v. Evance, Inc.*, No. 3:18-CV-03276-X, 2020 WL 6946514, at *3–4 (N.D. Tex. Nov. 25, 2020).

[17] Doc. No. 86 at 4.

[18] *See Am. Auto. Ass'n*, 930 F.2d at 1120.

[19] *S.E.C.*, 2008 WL 2073498 at *2. *See also Aperia*, 2020 WL 6946514 at *3–4.

[20] *See Le*, 2007 WL 715260 at *2.

and factual evaluation of the issue, "would promote the presentation of the merits of the action."[21]

## B. Prejudice to the Opposing Party

Moving to Rule 36(b)'s second prong; "[t]hat it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)."[22] Rather, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."[23] Prejudice for Rule 36(b)'s purposes thus does not occur simply because the requesting party will no longer be able to conclusively rely on the erroneous admission of inaccurate information.[24] But prejudice may be shown from the stage of the proceedings at which the moving party seeks to amend its admission.[25] Thus, courts consider "within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial."[26]

---

[21] FED. R. CIV. P. 36(b).

[22] *AmeriFirst Funding*, 2008 WL 2073498 at *2.

[23] *Am. Auto. Ass'n*, 930 F.2d at 1120; *see also Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009) ("Prejudice may occur where a party faces special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission. However, [t]he necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient." (internal quotation marks and citations omitted)).

[24] *See Thanedar*, 352 F. App'x at 896-97.

[25] *See id.* at 897.

[26] *Le*, 2007 WL 715260 at *3; *cf. Am. Auto. Ass'n*, 930 F.2d at 1120 ("The very purpose of Rule 36, however, is to obviate the need to present evidence on a matter that has been admitted. Because

As the party opposing amendment, Aperia has the burden to demonstrate it would be prejudiced by allowing the amendment.[27] But Aperia neglected to present argument about, or even mention, a manner in which allowing the amendment might bring prejudice.[28] As a result, Aperia fell short of its burden and the Court "is not persuaded that [amendment] would prejudice [Aperia] in maintaining or defending the action on the merits."[29]

The Court determines that allowing Evance's requested amendment would promote presentation of the merits of this case and is not persuaded that allowing the amendment would prejudice Aperia. Accordingly, the Court **GRANTS** the motion to amend.

### III. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion to amend.

**IT IS SO ORDERED** this 15th day of March, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

the Legal Clinic never moved for withdrawal or amendment of its admissions, AAA received no notice that such evidence might be required.").

[27] FED. R. CIV. P. 36(b); *Curtis*, 2004 WL 1621700 at *4.

[28] *See generally* Doc. No. 86; *see also* Doc. No. 87 at 2.

[29] *See* FED. R. CIV. P. 36(b).