UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APERIA SOLUTIONS, INC., §<br>§<br>*Plaintiff and Counter-* §<br>*Defendant,* §<br>§<br>v. §<br>§<br>EVANCE, INC. and THE OLB §<br>GROUP INC., §<br>§<br>*Defendants and Counter-* §<br>*Plaintiffs.* § | Civil Action No. 3:18-CV-03276-X |

# MEMORANDUM OPINION AND ORDER

Aperia Solutions, Inc. (Aperia) sued Evance, Inc. for breach of a contract it allegedly purchased from Evance Processing, Inc. (Evance Processing). Aperia filed a motion in limine [Doc. No. 100], as did Evance, Inc. [Doc. No. 98]. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Aperia's motion and **GRANTS IN PART** and **DENIES IN PART** Evance Inc.'s motion.

## I. Legal Standards

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."[1] "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds."[2] To that end, "evidentiary rulings should often be deferred until trial so

---

[1] *United States v. Davis*, No. 3:20-CR-0575-X, at 1 (N.D. Tex. Mar. 8, 2021) (Starr, J.).

[2] *Id.*

1

that questions of foundation, relevancy and potential prejudice can be resolved in proper context."[3]

### III. Analysis

#### A. Aperia's Motion

*1. Witnesses not named in response to requests for disclosure or interrogatories, or any evidence requested but not produced.*

Aperia did not identify any particular witnesses or evidence that should be excluded under these circumstances. Further, the Court previously ordered the parties to depose any witness that will be called to testify at trial.[4] And the Federal standard for documents prohibits the introduction of documents not previously disclosed, "unless the use would be solely for impeachment."[5] Because Aperia's limine request is unspecific and at odds with the controlling standards in this case, the Court **DENIES** the motion on this issue.

*2. Testimony or argument that contradicts Evance's deemed admissions.*

Evance, Inc. agreed to this limine, insofar as it restates the requirements of Federal Rule of Civil Procedure 36 on admissions but denied that there are requests for admission that Evance, Inc. left some unanswered and, therefore, were deemed admitted. Aperia neglected to identify any specific admissions it believes fit this category. Accordingly, the Court **DENIES** the motion with respect to this category

---

[3] *Id.* (cleaned up).
[4] Doc. No. 72 at 2.
[5] FED. R. CIV. P. 26(a)(1)(A)(ii).

and reminds the parties that the Federal Rules of Civil Procedure and Federal Rules Evidence govern this litigation.

*3. Testimony that Patrick Smith lacked contract formation authority.*

Aperia argued that the Court should exclude testimony alleging that Patrick Smith lacked authority to execute, negotiate, or authorize payments for contracts on behalf of Evance, Inc. because Evance, Inc. did not raise his lack of authority as an affirmative defense, therefore waiving the defense. However, lack of authority is not an affirmative defense listed in Rule 8 or Rule 12.[6] Therefore, Evance, Inc. did not waive the defense by not including it in their responsive pleading. Accordingly, the Court **DENIES** the motion with respect to this issue.

*4. Testimony that Evance, Inc. overpaid Aperia for its services.*

Aperia's argument to exclude this testimony consists of a single Texas Supreme Court citation stating that parties should object when a party opponent presents evidence that contradicts its own pleadings and factual admissions.[7] First, the relevant standards governing pleadings and evidence in this Court are the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Second, Aperia's motion does not specify how testimony that Evance, Inc. overpaid Aperia for its services contradicts Evance, Inc.'s pleadings and admissions in this case, or even which

---

[6] *See* FED. R. CIV. P. 8(c), 12(b). Further, the Court is skeptical that lack of authority, although certainly a defense to breach of contract, is necessarily an affirmative defense.

[7] *See* Doc. No. 100 at 2 (citing *Houston First Am. Sav.v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983)).

specific pleadings or admissions the testimony contradicts. Therefore, the Court **DENIES** the motion with respect to this issue.

*5. Attempts to elicit testimony from Aperia about communications with its attorneys.*

Evance, Inc. did not object to this limine request. Therefore, the Court **GRANTS** the motion with respect to this issue.

*6. Attempts to ask Aperia's attorneys to produce documents, stipulate to facts, or make agreements in front of the jury.*

Evance, Inc. did not object to this limine request. Therefore, the Court **GRANTS** the motion with respect to this issue.

*7. Any comments that inform the jury of the effect of answers to questions in the jury charge.*

Evance, Inc. did not object to this limine request. Therefore, the Court **GRANTS** the motion with respect to this issue.

*8. Comments from Evance, Inc.'s attorneys regarding their personal opinions about the credibility of a witness.*

Evance, Inc. did not object to this limine request. Therefore, the Court **GRANTS** the motion with respect to this issue.

*9. References to motions filed by Aperia, or orders of the Court ruling on the motions.*

Evance, Inc. did not oppose this limine request insofar as it would prohibit referencing the effect of the motions themselves or the Court's rulings on the motions. But, considering that two of Aperia's witnesses provided sworn statements in support of Aperia's motion for summary judgment, Evance, Inc. wishes to reserve the right to

reference the motion, if necessary, to establish context when discussing the prior statements. And Aperia did not identify a legal authority directing courts to prohibit even discrete references to motions or orders from the case. Accordingly, the Court **DENIES** the motion with respect to this topic. Evance, Inc. should signal its intent to reference these motions and orders to allow for objection and for the Court to determine whether the reference might confuse the jury or prejudice Aperia.

*10. References to motions filed by Evance, Inc., or orders of the Court ruling on the motions.*

Aperia similarly provided no legal authority that directs courts to prohibit any references to motions or orders from the case in the presence of the jury. For that reason, the Court **DENIES** the motion on this issue. However, Evance, Inc.'s response indicated that it intends to reference the Court's orders dismissing all claims against The OLB Group, Inc. and all fraud claims against Evance, Inc, should the need arise, in order to rebut discussion of the OLB Group and any fraud-based affirmative defenses presented by Aperia. The Court is concerned that these specific references may impermissibly present and argue the legal effect of the Court's orders to the jury. Therefore, Evance, Inc. should signal its intent to reference these motions and orders to allow for objection and a ruling on admissibility before introduction.

*11. Testimony or introduction of Schedule 2.2(g) to the Memorandum of Sale.*

Aperia seeks to exclude Schedule 2.2(g) on the basis of relevance. However, the Court lacks a sufficiently developed record to determine relevance under the evidentiary rules. Accordingly, the Court **DENIES** the motion with respect to this

topic. Aperia may raise the issue again when the record is sufficiently developed, and Evance, Inc. should signal intent to introduce evidence or testimony related to Schedule 2.2(g) to allow for objection and evaluation before introduction.

*12. Testimony or introduction of prior written or oral agreements addressing the same but matter as and inconsistent with the Memorandum of Sale and schedules.*

Aperia seeks to exclude evidence of prior written or oral agreements related to and inconsistent with the Memorandum of Sale and its schedules in accordance with the best evidence rule and parol evidence rule. Under New York law,[8] "extrinsic evidence cannot be admitted to prove different or additional terms in an integrated contract, but it may be admitted to aid in interpreting ambiguous terms of an integrated contract."[9] However, the record in this case is not sufficiently developed to make determinations about the ambiguity of contractual terms, meaning the Court cannot resolve parol evidence issues at this juncture. Accordingly, the Court **DENIES** the motion with respect to this issue. Aperia may raise the issue again when the record is sufficiently developed, and Evance, Inc. should signal intent to introduce parol evidence to allow for objection and evaluation before introduction.

---

[8] The Memorandum of Sale contains a choice of law clause selecting New York law. Doc. No. 4 at 16, § 9.11(a). Therefore, New York law applies to matters surrounding construction and interpretation.

[9] *Proteus Books Ltd. v. Cherry Lane Music Co., Inc.*, 873 F.2d 502, 509–10 (2d Cir. 1989) (citing *Verstandig & Sons, Inc. v. Sobel*, 206 N.Y.S.2d 860, 863–64 (N.Y. Sup. Ct. 1960)).

B. Evance, Inc.'s Motion

*1. Witnesses who were not deposed.*

After setting the case for trial, the Court ordered the parties to depose all witnesses that they planned to call at trial.[10] Some of Aperia's witnesses were not deposed, and Evance, Inc. seeks to exclude those witnesses as a result. Although the Court ordered these depositions to better facilitate the trial, the Court expected each party to depose the opposing party's witnesses. This is how litigation works. Aperia disclosed the witnesses in question as "possible witnesses" as early as March 27, 2019, giving Evance, Inc. ample notice and opportunity to conduct a deposition. The Court will not hold Evance, Inc.'s failure to do so against Aperia. Accordingly, the Court **DENIES** the motion on this issue.

*2. Attorneys' fees testimony.*

Evance, Inc. also seeks to limine Aperia's attorneys' fees expert witnesses for lack of deposition. But the issue is moot because federal courts resolve attorneys' fees issues by motion after issuing a final judgment.[11] Therefore, the Court **DENIES** motion on this issue.

*3. Termination damages.*

Evance, Inc. argues that the General Services Agreement does not establish termination damages under the facts of the case, and therefore the Court should not allow Aperia to introduce evidence of termination damages. But this is question of

---

[10] Doc. No. 72 at 1.

[11] *See* FED. R. CIV. P. 54(d)(2) (requiring motion for attorney's fees to be filed within 14 days of the date of the final judgment).

law that asks the Court to essentially resolve the merits of the claim rather than the admissibility of evidence. And Evance, Inc. had ample opportunity to raise merits-based issues like this in a motion for summary judgment but neglected to file one. Because this is not a proper request for a motion in limine, the Court **DENIES** the motion on this issue.

*4. Written notice of change of control.*

Here, Evance, Inc. again seeks to resolve the merits of the case under the guise of a motion in limine. For the same reasons, the Court **DENIES** the motion on this issue.

*5. Promissory estoppel claim.*

Here, Evance, Inc. again seeks to resolve the merits of the case under the guise of a motion in limine. For the same reasons, the Court **DENIES** the motion on this issue.

*6. Reliance damages.*

Here, Evance, Inc. again seeks to resolve the merits of the case under the guise of a motion in limine. For the same reasons, the Court **DENIES** the motion on this issue.

*7. Lost profit damages.*

Here, Evance, Inc. again seeks to resolve the merits of the case under the guise of a motion in limine. For the same reasons, the Court **DENIES** the motion on this issue.

*8. Generic references to "Evance."*

This case involves two very similarly named entities, Evance Processing, Inc. and Evance, Inc.[12] The companies have no relationship other than that Evance, Inc. purchased Evance Processing's assets in a foreclosure sale. Yet, the actions of both companies are interwoven in the facts of the case, with both companies receiving services from and allegedly entering into contracts with Aperia at different points in time. For this reason, Evance, Inc. seeks to prohibit generic references to "Evance," in order to avoid confusion as to which company is being referred to.

The Court agrees that generic references to "Evance" are likely to confuse the jury. Therefore, the Court **GRANTS** the motion on this issue. The Court has used the vernacular of "Evance Processing" when referring to Evance Processing, Inc. and "Evance, Inc." when referring to Evance, Inc., and believes preserving this designation will best promote clarity for the jury.

*9. Mention of shared email domain or office location.*

Evance, Inc. argues that testimony mentioning that it shared the same email domain or office location as Evance Processing should be excluded because those facts are not relevant to any claim or defense. But the Court lacks a sufficiently developed record to determine relevance under the evidentiary rules. Accordingly, the Court **DENIES** the motion with respect to this issue. Aperia should signal intent to introduce evidence, testimony, or arguments on this topic to allow for objection and evaluation before introduction.

---

[12] Evance, Inc. is a party to this lawsuit. Evance Processing, Inc. is not.

## IV. Conclusion

For the forgoing reasons, the Court **GRANTS** Aperia's motion in limine as to issues 5, 6, 7, and 8 and **DENIES** the motion as to issues 1, 2, 3, 4, 9, 10, 11, and 12. The Court **GRANTS** Evance, Inc.'s motion in limine as to issue 8, and **DENIES** the motion as to issues 1, 2, 3, 4, 5, 6, 7, and 9.

**IT IS SO ORDERED** this 29th day of March, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

10