UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| APERIA SOLUTIONS, INC., | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff and Counter-Defendant,* | § § § | Civil Action No. 3:18-CV-03276-X |
| v. | § § | |
| EVANCE, INC., | § § | |
| *Defendant and Counter-Plaintiff.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Aperia Solutions, Inc. sued Evance, Inc. for breach of contract, promissory estoppel and quantum meruit stemming from alleged non-payment for services. Evance, Inc. responded with a counterclaim, alleging that it actually overpaid for the services in question. The Court held a jury trial, and the jury returned a verdict in favor of Aperia. Aperia filed a motion for entry of judgment based on the verdict [Doc. No. 143] and Evance, Inc. cross-moved for a new trial [Doc. No. 144]. For the reasons the below, the Court **GRANTS** the motion for entry of judgment and **DENIES WITHOUT PREJUDICE** the motion for new trial.

**I. Background**

The Court summarized the facts of this case in previous orders. The Court held a jury trial on the parties' claims. After Aperia's case in chief concluded, Evance, Inc. moved for a directed verdict as to the "old-debt," arguing that Aperia failed to introduce any evidence showing that Evance, Inc. did not pay the debt incurred by

1

Evance Processing. The Court granted the directed verdict. At the conclusion of the case, the jury deliberated and returned a verdict concluding: (1) Evance, Inc. did not purchase the Agreement; (2) Evance, Inc. ratified the Agreement; (3) Evance, Inc. failed to comply with the Agreement; (4) $39, 368.57 is the sum of money that would fairly and reasonably compensate Aperia; and (5) Aperia does not hold money that, in equity and good conscience, belongs to Evance, Inc.[1]

## II. Legal Standards

Under Federal Rule of Civil Procedure 58(b)(2)(A), "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the jury returns a special verdict or a general verdict with answers to written questions."[2] The Supreme Court has ruled that Rule 58 is to be "mechanically applied."[3]

To obtain the extraordinary relief of a new trial, Evance, Inc. has a high burden: "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence."[4] And regarding jury-charge error, Evance, Inc. must demonstrate: (1) "'that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations'" and (2) the challenged instructions "'affected the outcome of the case.'"[5]

---

[1] Doc. No. 137 at 14–15, 18.

[2] Fed. R. Civ. P. 58(b)(2)(A).

[3] *United States v. Indrelunas*, 411 U.S. 216, 222 (1973).

[4] *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986).

[5] *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 505 (5th Cir. 2012) (quoting *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 293 (5th Cir. 2007)).

## III. Analysis

The jury's verdict found that Evance, Inc. ratified the General Services Agreement and then failed to comply with the Agreement. Evance, Inc. argues that a new trial is warranted because ratification cannot legally or factually support the jury's verdict. The Court addresses these in turn.

Evance, Inc. makes several arguments that Texas law prohibits judgment on a ratification theory, essentially arguing that the Court erred in instructing the jury on ratification. Evance, Inc. first argues that ratification is not a cause of action under Texas Law. But this argument is unavailing because Aperia did not introduce ratification as an independent theory, only as a defense to Evance, Inc.'s arguments that Patrick Smith lacked authority to enter into agreements on behalf of Evance, Inc. Evance, Inc. then argues, for the first time, that ratification is legally inapplicable because Evance, Inc. was not an original party to the General Services Agreement. But again, the ratification issue presented to the jury was whether Evance, Inc. ratified Patrick Smith's agreement to bind the company to the terms of the General Services Agreement, not whether Evance, Inc. ratified conduct or agreements made by Evance Processing. The Court concludes that its ratification instruction was proper under Texas Law.

Evance, Inc. further argues that the terms of the Agreement contradict any ratification theory. Specifically, Evance, Inc. points to the Agreement's anti-assignment provision, which requires written consent of the other party in order to

3

effectuate an assignment or delegation of rights or duties in the contract.[6] Evance, Inc. argues it could not legally ratify the Agreement because Aperia never gave its written consent to such an assignment. Even if that provision does affect ratification, however, the contractual right is Aperia's to exercise, not Evance, Inc.'s. If a landlord and a lessee enter into a lease that contains a provision barring sub-leases, and the lessee sub-leases the premises anyways, the landlord may exercise his right to void the sub-lease or he can waive his right and accept the sub-lessee's payments. But the sub-lessee, having already occupied the rental property, cannot then claim it owes the landlord no rent because the original lease agreement prevented subleasing. Evance, Inc. is the sub-lessee in this analogy; perhaps Aperia could have refused service to Evance, Inc. on account of the assignment provisions, but Evance, Inc. certainly does not have that right.

From a factual perspective, Evance, Inc's argument fails as well. The jury received a copy of the Agreement in evidence. The Court instructed the jury to consider all evidence presented in the case, which includes the Agreement and each of its terms. Evance, Inc. had the opportunity to present its contractual arguments to the jury. The jury then deliberated and concluded that Evance, Inc. ratified the contract, which is a de facto rejection of Evance, Inc.'s position.

---

[6] *See* Plaintiff's Exhibit 1 at 30. Evance, Inc. also highlights the provisions prohibiting amendments or modifications not in signed writings and prohibiting the creation of third-party benefits as a result of the contract *See id.* at 30–31. These provisions do not change the Court's analysis about whether the Agreement's terms legally allow or prevent ratification by Evance, Inc. under the facts of this case.

4

Finally, Evance, Inc. argues that it did not ratify the Agreement because Mr. Yakov expressly rejected the Agreement in a meeting with the Aperia sales representative.[7] But again, Evance, Inc. already presented this argument to the jury. The Court instructed the jury to consider that evidence along with all other evidence presented at the trial,[8] which included Mr. Smith's statements to Aperia as well as Evance, Inc.'s conduct. The jury deliberated and nonetheless concluded that Evance, Inc. ratified the agreement.

In sum, the Court carefully reviewed the parties' briefings, as well as the arguments and authorities therein, and concludes that the Court properly instructed the jury in this case, and the jury's verdict is not against the great weight of the evidence. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion for new trial and **GRANTS** the motion for entry of judgment.

## IV. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion for entry of judgment and **DENIES WITHOUT PREJUDICE** the motion for new trial. The Court will issue the final judgment in a separate order. As the prevailing party in this breach of contract lawsuit, Aperia is entitled to reasonable attorney fees and costs by

---

[7] Evance, Inc. also argues that no part of the agreement requires Evance, Inc. to pay Evance Processing's past-due debts. However, the Court resolved issues surrounding Evance Processing's debt as a matter of law when it granted Evance, Inc.'s directed verdict motion which asserted that Aperia's case in chief conclusively demonstrated that Evance, Inc. *did* pay the old debt incurred by Evance Processing. After requesting and receiving the Court's resolution of this issue, Evance, Inc. cannot turn around now and attempt to revive it again.

[8] Doc. No. 137 at 1–8.

statute.[9] The Court further **ORDERS** Aperia to file a motion for attorney fees and costs within 14 days of this order.

**IT IS SO ORDERED** this 4th day of June, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8); *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172–73 (Tex. 2013).