UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APERIA SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-3276-X |
| | § | |
| EVANCE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Aperia Solutions, Inc.'s ("Aperia") motion for reconsideration of the Court's choice-of-law determination. [Doc. 205]. Because the Court's order was not a final judgment, Federal Rule of Civil Procedure 54(b) governs the Court's analysis.[1] Under Rule 54(b), a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient."[2]

Aperia has not presented a reason for reconsideration that the Court deems sufficient. It urges an argument the Court already rejected: that eVance, Inc. waived its right to ask the Court which state's law governs the parties' alleged oral contract because eVance, Inc. initially litigated this case under Texas law without raising the issue. Aperia points to cases making clear that, under Texas law, a party "ha[s] an obligation to call the applicability of another state's law to the court's attention in

---

[1] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

[2] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up).

time to be properly considered."³  However, the Court had enough time to properly consider the choice-of-law question because of the Fifth Circuit's reversal and remand for a new trial, and Aperia does not argue to the contrary in its motion.  Accordingly, the Court maintains its view that eVance, Inc. did not waive its right to raise the choice-of-law question.

Aperia also points to eVance, Inc.'s invocation of Texas law in its pleadings as proof that eVance, Inc. was on notice that a choice-of-law issue existed, but "[u]nder federal pleading requirements, [a party] need not plead the applicability of [another state's] law to preserve a choice-of-law question."⁴

For these reasons, and for the reasons stated in its previous order, the Court **DENIES** Aperia's motion for reconsideratison.

**IT IS SO ORDERED** this 12th day of May, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

³ *Kucel v. Walter E. Heller & Co.*, 813 F.2d 67, 74 (5th Cir. 1987); *Barragan v. U-Haul Int'l Inc.*, No. 5:15-CV-854-DAE, 2018 WL 11361106, at *12 (W.D. Tex. 2018) (finding waiver because a party "did not raise the [choice-of-law] issue in time for it to be considered" (cleaned up)).  The court in *Barragan* emphasized that the case had "been litigated for over three years" before the plaintiff raised the choice-of-law question, but it did not state that a three-year delay constitutes waiver as a matter of law.  *Barragan*, 2018 WL 11361106, at *12.

⁴ *Kucel*, 813 F.2d at 74.