UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APERIA SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-3276-X |
| | § | |
| EVANCE, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant eVance, Inc.'s ("eVance") motion for reconsideration of the Court's determination that the Memorandum of Sale is unambiguous and that eVance purchased the GSA. (Doc. 234). Because the Court's order was not a final judgment, Federal Rule of Civil Procedure 54(b) governs the Court's analysis.[1] Under Rule 54(b), a "trial court is free to reconsider and reverse its decision for any reason it deems sufficient."[2]

eVance has not presented a reason for reconsideration that the Court deems sufficient. First, eVance argues that the General Services Agreement ("GSA") is a liability (because of the monetary obligation), not an asset. Instead of talking about liabilities and assets, let's talk about rights and duties.[3] Under the GSA, eVance Processing Inc. ("eVance Processing") had a right to Aperia's services and a duty to

---

[1] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

[2] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up).

[3] The New York Uniform Commercial Code is helpful on this. "In classifying intangible collateral, a court should begin by identifying the particular rights that have been assigned." N.Y. U.C.C. § 9-102 Official Comment (5)(d).

pay. Aperia, on the other hand, had a right to payment and a duty to provide services under the GSA. In the Memorandum of Sale, eVance Processing "sold, transferred, assigned, conveyed, and delivered" "all of [eVance Processing's] right, title[,] and interest in and to the Acquired Assets[.]"[4] Characterizing the GSA as only a liability doesn't paint the whole picture. eVance Processing had both a right and a duty under the GSA—and these rights were sold to eVance in the Memorandum of Sale.[5]

The Court is also dissuaded by eVance's argument that the GSA can't be a "payment intangible" because it is a written contract. Aperia refutes this point with two cases.[6] Both the Fifth Circuit and the Eleventh Circuit have found written contracts to be a payment intangible and a general intangible.[7] Further, the GSA is not only a written contract. It is also an agreement with rights and duties flowing both ways.

Finally, in a last-ditch effort, eVance brings up the argument that it is Aperia, not eVance Processing that owned the payment intangible. This is a new one. Seeming to concede that the GSA *is* a payment intangible, eVance argues that because eVance Processing was the "account debtor" of the GSA, it was not the owner of the payment intangible and, therefore, couldn't have sold it to eVance. For the

---

[4] Doc. 206 at 66.

[5] The Court previously held that the GSA was a "payment tangible" under the New York Uniform Commercial Code's definition of "payment tangible": "a general intangible under which the account debtor's principal obligation is a monetary obligation." Doc. 217 at 4–5.

[6] Doc. 240 at 5–7.

[7] *See Matter of Newman*, 993 F.2d 90 (5th Cir. 1993) (finding an annuity contract to be a general intangible); *Durham Com. Cap. Corp. v. Ocwen Loan Serv., LLC*, 777 F. App'x 952, 955 (11th Cir. 2019) (finding a service contract to be a payment intangible).

same reasons as before, the Court disagrees. eVance has lost sight of what the GSA is: a contract. And as the Court previously held, a contract "contains duties as well as rights."[8] eVance Processing owned both a right and a duty (a principal, monetary obligation) under the GSA, and that is what it sold to eVance. The Court takes the Memorandum of Sale at its word. "Payment intangibles" are enumerated Acquired Assets in the Sale Memorandum, and the GSA is not found in the list of Excluded Assets in Schedule 2.2(g).

The Court stands behind its previous order holding that the Memorandum of Sale, as completed by Schedule 2.2(g), is unambiguous, and that eVance purchased the GSA.

For these reasons, and for the reasons stated in its previous order, the Court **DENIES** eVance's motion for reconsideration.

**IT IS SO ORDERED** this 25th day of March, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 71 at 7.